UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS ALBERTO CABEZA
PORRAS,

        Petitioner,

      v.

WARDEN, FLORIDA SOFT-SIDED
FACILITY, ACTING DIRECTOR
TODD LYONS, IMMIGRATION
AND CUSTOMS ENFORCEMENT;
SECRETARY MARKWAYNE
MULLIN, HOMELAND
SECURITY; AND TODD
BLANCHE, ACTING U.S.
ATTORNEY GENERAL,

        Respondents.

Case No. 2:26-cv-1606-KCD-KRH

## **ORDER**

Petitioner Carlos Alberto Cabeza Porras seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) He is in immigration custody and claims that the Government has wrongly denied him a bond hearing. As for relief, he seeks immediate release or, alternatively, a bond hearing under 8 U.S.C. § 1226(a). (*Id.* at 18.)

Since filing the petition, an immigration judge conducted a bond hearing but denied relief, concluding that Porras was a flight risk. (Doc.7-1 at 12.) Given these developments, the Government argues that the case is now

moot and can be dismissed. (Doc. 7.) The Court agrees with the Government, and here is why.

Article III of the Constitution limits federal courts to resolving actual, ongoing controversies. We do not issue advisory opinions, and we do not keep cases on the docket when the underlying dispute has evaporated. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). When Porras filed his petition, his only grievance was that he had been locked up with no mechanism for release. (Doc. 1.) Porras has since received a bond hearing before an immigration judge. He has thus received process. And he reserved his right to appeal those decisions. (Doc. 7-1 at 12.)

The Court does not have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). Porras has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See* 8 C.F.R. § 1003.19(e).

The Fifth Amendment claim, where Porras challenges the legality of his continued detention, also fails. Porras was detained on April 29, 2026. That is far short of the constitutional threshold in this context. *See Sopo v.*

*U.S. Att'y Gen.*, 825 F.3d 1199, 1217 (11th Cir. 2016) ("[T]here is little chance that a[n] . . . alien's detention is unreasonable until at least the six-month mark."). After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). And, in any event, Porras has been provided a bond hearing.

Finally, the Fourth Amendment claim, where Porras challenges his arrest, fails. "[H]abeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody." *Palma v. Powell*, No. 7:26-CV-299-EGL-SGC, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026). "If lawful grounds for detention exist, [Porras] is not entitled to release even if there were flaws in his original arrest." *Id.* Because Porras attacks the mechanics of his seizure rather than the Government's present statutory authority to hold him, his claim must fail. *See also Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).

Because Porras has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on June 5, 2026.

Kyle C. Dudek
United States District Judge

4